

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2010

# USA v. Walter Himmelreich

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3621

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Walter Himmelreich" (2010). *2010 Decisions.* Paper 1990.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1990

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-080                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 09-3621
_____

UNITED STATES OF AMERICA

v.

WALTER J. HIMMELREICH,
Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 05-cr-00214-001)
District Judge: Yvette Kane

_____


Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
December 23, 2009
Before: BARRY, FISHER and VAN ANTWERPEN <u>Circuit</u> <u>Judges</u>


(Filed:  January 28, 2010)

_____

OPINION
_____

PER CURIAM

    Walter J. Himmelreich, proceeding <u>pro</u> <u>se</u>, appeals from the District Court's

August 14, 2009 order denying his motion for a temporary restraining order and a

preliminary injunction. Because we conclude that this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Himmelreich is confined at the Federal Correctional Institution–Elkton after pleading guilty to production of child pornography. In December 2006, the District Court sentenced him to 240 months of incarceration, plus in restitution and other penalties.[1] In July 2009, Himmelreich filed a motion seeking to vacate his conviction pursuant to 28 U.S.C. § 2255. On August 13, 2009, Himmelreich filed a motion for a temporary restraining order and a preliminary injunction, requesting that the District Court compel the Bureau of Prisons ("BOP") to cease its collections system under the Inmate Financial Responsibility Program ("IFRP").

Himmelreich states that he is a member of a class of inmates sentenced after April 24, 1996, and is therefore subject to the Mandatory Victim Restitution Act ("MVRA"). He claims that the sentencing court did not establish a payment schedule detailing how he would repay his restitution order and fine while incarcerated. He relies on United States v. Corley, 500 F.3d 210 (3d Cir. 2007), judgment vacated, 129 S.Ct. 1558 (2009), in which we held that a restitution order that delegates to the BOP how a defendant will pay restitution while incarcerated constitutes an improper delegation of judicial function. He further claims that the BOP "illegally coerced" him into signing a payment plan contract. He argues that the BOP lacks the authority to withhold his prison wages through the

---

[1] The judgment shows that the restitution is due immediately, payable during his incarceration, and provides for a payment schedule for any remaining amount due upon commencement of supervised release. See Judgment, p. 7.

IFRP, and that the program as applied to him constitutes an unconstitutional taking. The District Court denied the motion after finding that Himmelreich failed to demonstrate any immediate injury sufficient to qualify for a temporary restraining order and failed to meet the requirements for a preliminary injunction. Himmelreich filed a timely appeal.

"As a general proposition, orders granting or denying temporary restraining orders are unappealable." NutraSweet Co. v. Vit-Mar Enters., Inc., 112 F.3d 689, 692 (3d Cir. 1997). However, we do have appellate jurisdiction over the order denying Himmelreich's motion for a preliminary injunction under 28 U.S.C. § 1292(a)(1). "We review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos Pharms., Inc. V. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotations omitted).

A preliminary injunction is "an extraordinary remedy" that should be granted only if the plaintiff shows: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Id. The District Court found it unlikely that Himmelreich could show an improper delegation to the BOP, given that the judgment provides that the restitution is due immediately, and further provides for a fifty dollars per month payment schedule for any remaining unpaid balance upon commencement of his supervised release. The District Court also found that the public interest in compensating victims of child pornography and in enforcing restitution orders weighs against granting an injunction.

After reviewing the record, we agree with the District Court that Himmelreich did not satisfy the criteria for the grant of a preliminary injunction.

For the foregoing reasons, we conclude that the appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.